Burney *v.* Vance.

[Cite as Burney v. Vance, 17 Ohio Misc. 307.]

(No. 33888—Decided February 27, 1969.)

Common Pleas Court of Clermont County.

*Mr. Allen Burreson,* for plaintiff.
*Mr. Chris Rosenhoffer,* for defendant.

NICHOLS, J. This action is one under the Reciprocal Uniform Support Act and is on the application of the defendant and father to cancel further support payments on the basis that the child is now over eighteen years of age, and, therefore, the Uniform Support Act is not applicable.

This case is of long standing, and for the purpose of deciding this application, there, seemingly, is no factual dispute. Going back in the history of the case, George Vance, Jr., was granted a divorce from the defendant by the Kenton Circuit Court of the state of Kentucky on January 20, 1954. No mention was made in the divorce decree as to the custody or support for their minor child. Both of the parties have been remarried and the plaintiff in this action, Gladys Burney, is living in the state of Florida, and the defendant, George Vance, Jr., is living in Clermont County, Ohio. Prior to this particular hearing, the defendant was ordered to pay support for a minor child in the nominal sum of $7.50 per week. This order was made on August 13, 1965, in these proceedings. Thereafter, the defendant filed a motion to set this order aside on the ground that the Uniform Reciprocal Support Act was not applicable to the defendant, as he claimed, and, seemingly, there is no dispute of the fact that he did not abandon the child in the state of Florida. There was some conflict of testimony as to just exactly how the child was turned over to the custody of the mother, but there is no dispute of the fact that the child has been with the mother since 1965.

The court on the application ruled that the Reciprocal Support Act was applicable in this case, and, therefore, denied the application to set the order of support aside. That action was not appealed from and stands unreversed at this time and is binding upon the parties.

The sole question before the court, then is, "Does the Uniform Support Act apply to children over eighteen and under twenty-one years of age?" it being conceded by these proceedings that the child is over eighteen and under twenty-one years of age. Likewise, there is no evidence of any kind to show that the child is not actually dependent upon the mother for support, and is still receiving the sup-

port from the mother. Based upon these facts which the court will rule as undisputed, the matter comes before the court for consideration and it resolves it is down to, basically, a legal question as to whether or not the Reciprocal Support Act applies in Ohio to children between the ages of 18 and 21 years.

A written memorandum was presented to the court by both the attorney for the defendant and the Prosecuting Attorney of Clermont County who, under the law, represents the mother and the child in these proceedings. Many cases were cited, but none deal on all points with this specific question.

It is contended by the attorney for the defendant that the Reciprocal Support Act is not applicable to children over 18 years of age. This is on the basis that the criminal statutes of Ohio provide only for criminal action for nonsupport of children under 18 years of age, and, therefore, it would be no crime for the defendant to abandon a child over 18 years of age. Likewise, the statute in bastardy proceedings provides for support only until the child is 18 years of age and, therefore, it is not possible, under the present law of Ohio to issue extradition papers for nonsupport of a minor child between the ages of 18 and 21 years.

The case of *Skinner* v. *Fasciano*, 75 Ohio Law Abs., page 409, refers to the fact that the parties would not be subject to extradition under the criminal law, and it is on this basis the claim is made by the defendant. The attorney for the defendant underlined and put in parenthesis this part of the opinion; however, he failed to emphasize, although it was quoted, that the purpose of the Support of Dependants Act was to enforce a civil liability and certainly under the Ohio law, a civil liability is to support their legitimate children until the age of 21 years.

The court will, therefore, hold that the law in respect to Uniform Support is a civil procedure, is applicable in this case, and as stated in the last section of the Support for Dependents Act, namely Section 3115.22 Revised Code, it is provided that ''the remedies provided by Sections 3115.01 to 3115.21, inclusive, of the Revised Code, are

in addition to, not in substitution for, any other remedies." Whether or not the court has a right of criminal action or extradition proceedings is not important in this case, and is not binding on this court.

Another question, however, is involved in this case, namely, the age at which a minor becomes of full age is important. It will be recalled that the divorce decree was originally granted in the state of Kentucky. The state of Kentucky provides at this time that a party of 18 years of age is an adult and therefore, under the law of Kentucky the defendant would not be responsible for further support of this minor child.

The law of Ohio, where the father is located, and the law of Florida, where the child is located, make the age at which a minor becomes an adult at 21 years. So, therefore, this child, under the law of both Florida and Ohio treats the child as a minor.

The court, after exhaustive study, could find no case involving such a similar situation and, therefore, the court will have to go to the statute, itself, for a determination. Section 3109.01, Revised Code, states that "All persons of the age of 21 years or more * * * are of full age for all purposes." Section 3109.05, Revised Code, provides that the court may order either or both of the parents to support or help support their children.

Coming back to the Uniform Support Act in Chapter 3115, Revised Code, it is provided in Section 3115.01 Paragraph (F) Revised Code, Duty to Support "means any duty of support imposed or imposable by law." Paragraph (G) "The obligor means a person owing a duty of support."

It is clear in this case that the father owes a duty of support. This, however, is not the basic question. The basic question in the court's mind is, "Does a court of another state have a right to order support where the court under the laws of the state in which the divorce was originally granted would not have such right?" and in this case, this court's decision is one of first instance.

The court will hold that the interest of a minor child is paramount to anything else and irrespective of the age

of maturity in a state of original divorce proceeding, the actual state to determine the age of adulthood would certainly be either the state where the child is living and needs the support, or the state where the father, who is obligated to give that support, is living. Fortunately, in this case, it is not necessary for the court to make such a distinction, but would be inclined to rule that the state where the child was living would be the determining state. This is done with the full knowledge that a mother could move from state to state and keep the support in force where it would originally be barred.

As stated, the court feels that the interest of the child is paramount and, therefore, will deny the application of the defendant to terminate the support payments in this case and they will continue as previously ordered by the court.

The entry may be drawn accordingly with exceptions to the attorney for the defendant.